# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STEPHEN ALAN CRISSINGER,    )
                            )
    Plaintiff,            )
                            )
v.                          )    Case No. CIV-16-905-STE
                            )
THE COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION,    )
                            )
    Defendant.            )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), seeking an attorney fee in the total amount of $19,750.00,[1] which is less than the amount counsel could request . *See* ECF Nos. 30 and 31. The Commissioner has responded with no objections. (ECF No. 33)

## I.   PROCEDURAL BACKGROUND

Plaintiff Stephen Alan Crissinger retained Casey L. Saunders to appeal the SSA denial of his application for disability insurance benefits. (ECF No. 24-2). The contract between Mr. Crissinger and Casey L. Saunders provided for payment of an attorney fee contingent upon Mr. Crissinger prevailing before the federal court and ultimately being awarded benefits by the SSA. Under the contract, Mr. Crissinger agreed to an attorney

---

[1] According to the terms of the fee contract, counsel is legally entitled to request a fee for $38,753.13, which is 25% of $155,012.50 in back disability benefits. (ECF No. 28-1:5).

fee in the amount of twenty-five percent (25%) of any past-due benefits awarded. *See supra.*

Plaintiff prevailed in federal court. In an Order and Judgment dated May 30, 2017, the Court reversed the decision of the SSA and remanded the case for further administrative findings. (ECF Nos. 21 and 22). On remand, Plaintiff was awarded past-due benefits of $155,012.50 from which the SSA withheld $6,000.00 for payment to Mr. Crissinger's lawyer. *See* ECF No. 28-1:4. Pursuant to 42 U.S.C. §406(b), and citing the contractual agreement between the parties and *Gisbrecht v. Barnhart*, Plaintiff requests an attorney fee award in the total amount of $19,750.00 which represents an amount less than twenty-five percent (25%) of the past-due benefits awarded. (ECF No. 31:8 and 28-1:4).

## II. FEES FOR REPRESENTATION

Congress has prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002). Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. at 789. For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.* If attorney fees are also awarded under EAJA, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986).

### III. AWARD OF §406(b) FEES

Mr. Saunders has requested §406(b) fees in the amount of $19,750.00 and has attached a detailed billing summary reflecting a total of 5.3 attorney hours at $193.00 per hour in 2016 and 26.3 attorney hours at $195.00 per hour in 2017, expended at the judicial level for a total of $6,151.40. *See* ECF No. 24-1. The amount requested does not exceed twenty-five percent (25%) of the total awarded past-due benefits. The Court has reviewed the file and finds this amount of $19,750.00 to be reasonable.

### IV. PLAINTIFF'S AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

On December 5, 2017 Plaintiff was awarded EAJA attorney fees in the amount of $5,800.00[2] as the prevailing party. *See* ECF No. 27. Plaintiff's attorney therefore must

---

[2] Plaintiff references the Court's Order (ECF No. 27) as awarding EAJA attorney fees of $6,200.00, however the Court granted a stipulated fee of $5,800.00.

refund the lesser of the two fees to Plaintiff. *See Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

## ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), **(ECF No. 30).** Plaintiff's attorney, Casey L. Saunders., is awarded total attorney's fees in the amount of **$19,750.00**, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). Plaintiff's attorney shall refund the attorney fees awarded under the EAJA (ECF No. 23). *See Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

The SSA shall pay this amount directly to: Casey L. Saunders, P. O. Box 2318, Ada, Oklahoma 74821.

ENTERED on September 26, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE